MOONEY-MUELLER-WARD COMPANY *v.* DOYLE.

[No. 11,906. Filed June 13, 1924.]

1. MASTER AND SERVANT.—*Workmenmen's Compensation Act.— Award of Compensation.—Review on Appeal.*—On an application by the employer to review an award of compensation on account of changed conditions, where the injured workman filed no plea in the nature of an estoppel or otherwise, but accepted the issue as tendered, the Appellate Court, in reviewing the decision of the Industrial Board, will not consider a voluntary

renewal of compensation payments because of a recurrence of the disability.   p. 564.

2.  MASTER AND SERVANT.—*Workmen's Compensation Act.— Award of Compensation.—Evidence.—Sufficiency.*—Application by an employer to review the award on account of changed conditions; award of compensation *held* not sustained by sufficient evidence.   p. 565.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1921, as amended) by Chris Doyle, claimant, against Mooney-Mueller-Ward Company, employer.   On application of the latter for a review of an award of compensation, the Industrial Board ruled that payments under the former award should be resumed, from which the employer appeals.   *Reversed.*

*Elmer E. Stevenson,* for appellant.
*Floyd J. Mattice,* for appellee.

REMY, J.—On September 1, 1922, while appellee was in the employment of appellant as a medicine packer in appellant's wholesale drug house, the tendo Achillis of appellee's right foot was injured by coming in contact with a moving truck.   On September 18, 1922, the Industrial Board approved a compensation agreement of the parties.   About the middle of October, 1922, appellee, under his old contract of employment with appellant, resumed work, receiving therefor his wages, but, from that time, he neither asked nor received anything as compensation for his injuries, until May 12, 1923, at which time he notified appellant that there had been a recurrence of his disability, and that he would again claim compensation.   Thereupon, appellant, without requiring an examination of appellee, and without an order of the Industrial Board, began the payment of compensation at the rate stipulated by the compensation agreement of September 18, and such pay-

ments were continued from May 12 to August 26, 1923, on which latter date, appellant filed its application for a review of the award of September 18, on account of a change in conditions; it being averred in the application that the disability of appellee which resulted from the injury of September 1, had ceased to exist since the date of the award. To this application, no answer or other pleading was filed. Since the application of appellant was for a review of the award of September 18, and since appellee accepted the issue as tendered, filing no plea in the nature of estoppel or otherwise, it will not be necessary to consider the effect of the renewal of compensation payments by appellant on May 12, 1923.

At the hearing of appellant's application for review, the testimony of appellee as a witness in his own behalf was, in substance, that on May 12, 1923, while he was waiting to board a street car, "a pain struck" him in his right leg and foot, which made it impossible for him to get on the car without help, that he had not had a pain of that character before, and that the pain from which he was suffering at the time of the hearing was confined to the bottom of his right heel. Dr. Mumford, the physician who treated appellee at the time of his injury on September 1, 1922, testified that "the injury was confined to the tendo Achillis," the tendon at the back of, and immediately above, the heel, and could not have had "anything to do with causing the trouble" appellee "now has." Two other physicians who examined appellee's foot, at or about the time of the hearing in August, 1923, testified positively that appellee was at that time suffering from a condition of his right foot known as a "calcaneum spur", a projection of the bottom surface of the bone at the bearing point of the heel, that there was nothing the matter with appellee's right foot or heel other than

the spur, and that a similar spur, though not so large, was found by them on the heel bone of appellee's left foot. The physicians who testified as witnesses each stated that the spur could not have been produced or aggravated by an injury to the tendo Achillis, that the spur on the heel bone, such as they found on each heel of appellant, is not an injury in the ordinary meaning of that word, but is an occupational disease caused by long and continuous standing on hard floors or other hard surfaces. It also appears from the evidence that the tendon which was bruised September 1, 1922, was in no way affected at the time of the hearing. It follows that the finding and award are not sustained by the evidence.

Award reversed, with instructions to the Industrial Board to find for appellant, and to make and enter an order terminating compensation.